**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIFFANY PRUETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:09-cv-02600-JPM-cgc** |
| | ) | |
| **GEORGE E. SKOUTERIS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I. Introduction**

Before the Court is Plaintiff Tiffany Pruett's "Application (Motion and Memorandum) for Default Judgment" (D.E. #11) filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation (D.E. #15). On March 11, 2010, the Clerk of Court entered a default against Defendant George E. Skouteris pursuant to Rule 55(a). The Court held a hearing on Plaintiff's motion on August 18, 2010, at which Plaintiff was present and Defendant failed to appear. For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED. The Court further RECOMMENDS that the District Court award $93,017.66 in compensatory damages, that the District Court award pre-judgment interest to be calculated from July 12, 2007, that no punitive damages be awarded, that a writ of attachment issue as to Plaintiff's client file, and that all taxable costs of this action be awarded.

## II.  Analysis

### A.  *Compensatory Damages*

Initially, Plaintiff requests $93,017.66 in compensatory damages.  Plaintiff asserts that this is the principal amount of settlement proceeds that Defendant wrongfully retained.  Plaintiff has provided declarations substantiating this calculation, which set forth that, of the $197,480.00 in settlement proceeds received by Defendant, $96,518.05 has been distributed to Plaintiff in twenty-seven installments and $7,944.29 was paid to medical providers; therefore, Plaintiff asserts that $93,017.66 in undistributed settlement proceeds are being held by Defendant.  (Pruett Declaration ¶ 20; Vorder-Brugge Declaration ¶ 14.)  Based upon the declarations in the record and the testimony at the evidentiary hearing, the Court RECOMMENDS that Plaintiff be awarded $93,017.66 in compensatory damages.

In addition to the principal amount, Plaintiff requested in her Complaint and orally requested at the evidentiary hearing that the Court award pre-judgment interest at the rate of 10% per annum.  Because it is unknown to Plaintiff when Defendant received the initial disbursement of the settlement proceeds, Plaintiff requests that the pre-judgment interest be calculated from the initial disbursement of an installment of the proceeds to Plaintiff, which occurred on June 12, 2007.  See Vorder-Brugge Decl., Ex. 10, at 2.

In a diversity case, a federal court is bound by state law on the question of prejudgment interest.  Klaxton Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941); Glens Falls Ins. Co. v. Danville Motors, Inc., 333 F.2d 187 (6th Cir. 1964).  An award of pre-judgment interest may be awarded "by courts or juries in accordance with the principles of equity at any rate not in excess of the maximum effective rate of ten percent (10%) per annum."  Tenn. Code Ann. § 47-14-123.

Tennessee law provides that pre-judgment interest may be awarded at the Court's discretion in cases of destruction, conversion, or misappropriation of property.  See Sterling v. Velsicol Chemical Corp., 855 F.2d 1188, 1215 (6th Cir. 1988) (quoting Louisville & Nashville Railroad v. Wallace, 17 S.W. 882 (1891)); see also Sterling, 855 F.2d at n.26.  Further, pre-judgment interest should accrue from "the date that the defendant's tortious conduction effectively operates to destroy or diminish . . . the personal use and enjoyment of the plaintiff's property."  Sterling, 855 F.2d at 1213.

In the instant conversion action, the Court RECOMMENDS that an award of pre-judgment interest at the rate of ten percent per annum is appropriate, as Defendant wrongfully denied Plaintiff her use of her settlement proceeds during the time he retained her funds.  Additionally, the Court RECOMMENDS that the date of June 12, 2007, which is the earliest verified date that Defendant was withholding her settlement proceeds, is an appropriate date to begin the calculation of pre-judgment interest.

### B.  Punitive Damages

In addition to compensatory damages, Plaintiff requests $300,000.00 in punitive damages. Plaintiff argues that, while an award of "approximately three times the compensatory damages proven, . . . while substantial, would not run afoul of Constitutional boundaries."  Pl.'s Mot. for Default J. at 12.  Plaintiff further argues that "there can be no obligation more vital to a civilized system of justice than the obligation of an attorney, as a fiduciary, to safeguard and properly turn over client funds, and to provide clients with critical information about their representation.  Id.

Under Tennessee law, punitive damages may be awarded if the wrongdoer's action constitutes fraud, malice, oppression or gross negligence.  Bland v. Smith, 277 S.W.2d 377, 379

(1955).  Once a default judgment has been entered, it is appropriate for the Court to determine if punitive damages should be awarded.  Laura Cranfill v. Brew Brothers, Inc., No. 04-1147 T/AN, 2005 WL 1420876 (W.D.Tenn. June 14, 2005).  The purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and others from committing similar wrongs in the future.  Huckeby v. Spangler, 563 S.W.2d 555, 558-59 (Tenn. 1978).

The Tennessee Supreme Court listed the factors to be considered by the finder of fact in determining the amount, if any, to be awarded as punitive damages: (1) the defendant's financial affairs, financial condition, and net worth; (2) the nature and reprehensibility of defendant's wrongdoing, for example, (A) the impact of defendant's conduct on the plaintiff, or (B) the relationship of defendant to plaintiff; (3) the defendant's awareness of the amount of harm being caused and defendant's motivation in causing the harm; (4) the duration of defendant's misconduct and whether defendant attempted to conceal the conduct; (5) the expense plaintiff has borne in the attempt to recover the losses; (6) whether defendant profited from the activity, and if defendant did profit, whether the punitive award should be in excess of the profit in order to deter similar future behavior; (7) whether, and the extent to which, defendant has been subjected to previous punitive damage awards based upon the same wrongful acts; (8) whether, once the misconduct became known to defendant, defendant took remedial action or attempted to make amends by offering a prompt and fair settlement for actual harm caused; and, (9) any other circumstances shown by the evidence that bear on determining the proper amount of the punitive award.  Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901-02 (Tenn. 1992).

Upon review of the record, Plaintiff has not presented any evidence of Defendant's "financial affairs, financial condition, and net worth."  See id. at 901; see also Teresa Tipton v. Answering

Memphis, Order Awarding Damages and Fees, No. 2:04-cv-02942-JPM-sta (W.D.Tenn. filed Oct. 12, 2007).  Because the Court is required to consider a defendant's financial situation in determining an appropriate amount of punitive damages and no evidence of this factor has been presented, the Court RECOMMENDS that the District Court decline to award punitive damages.

### C.  Writ of Attachment

Next, Plaintiff requests a writ of attachment for all records in Defendant's possession relating to his former representation of Plaintiff.  As grounds for this request, Plaintiff avers that Defendant has withheld her client file from her and her current legal counsel and that only portions of her client file have been provided despite numerous requests.  As the Court finds that Plaintiff is entitled to her client file from Defendant, the Court RECOMMENDS that the District Court authorize a writ of attachment for all records in Defendant's possession relating to his former representation of Pruett.

### D.  Costs of the Action

Finally, Plaintiff requests that the Court award the costs of this action.  The Court finds that this request is reasonable and appropriate and RECOMMENDS that the District Court award Plaintiff all taxable costs.

**IT IS SO ORDERED** this 25th day of August, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**